*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 26, 2017                    522847
_____

In the Matter of LUSHER
    WALLACE,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Aarons, JJ.

                        _____


        Lusher Wallace, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding to
challenge a tier III prison disciplinary determination.  The
Attorney General has advised this Court that the determination at
issue has been administratively reversed, all references thereto
have been expunged from petitioner's institutional record and the
mandatory $5 surcharge has been refunded to petitioner's inmate
account.  In light of this, and given that petitioner has been
afforded all of the relief to which he is entitled, the petition
is dismissed as moot (see Matter of Kirshtein v New York State

Dept. of Corr. & Community Supervision, 142 AD3d 1246, 1246 [2016]; Matter of Boyd v Annucci, 142 AD3d 1214, 1214 [2016]). Although petitioner has also requested to be restored to the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief (see Matter of Ramierz v Annucci, 142 AD3d 1198, 1198 [2016]; Matter of Guiffre v Annucci, 142 AD3d 1193, 1193 [2016]).  He is, however, entitled to the restoration of any good time lost as a result of the determination (see Matter of Ramierz v Annucci, 142 AD3d at 1198; Matter of Guiffre v Annucci, 142 AD3d at 1193).

Peters, P.J., Garry, Lynch, Devine and Aarons, JJ., concur.

ADJUDGED that the petition is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court